UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| SHEILA J. ZAMBON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:17-CV-377-TAV-HBG |
|  | ) |  |
| DOLLAR TREE PIGEON FORGE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Before the Court are several motions filed by the parties in this case: (1) the renewed motion to dismiss for insufficient service of process filed by defendants Dollar Tree Pigeon Forge ("Dollar Tree"), Jessica Alfonso, and Jimmy Clark [Doc. 31];[1] (2) plaintiff's motion for reconsideration and for the disqualification of the undersigned and Magistrate Judge H. Bruce Guyton [Doc. 32]; (3) defendants' motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted [Doc. 34]; (4) plaintiff's motion for reconsideration and for a stay of proceedings until her disqualification motion is decided [Doc. 36]; and (5) plaintiff's motion to reaffirm disqualification [Doc. 39]. Defendants have responded to plaintiff's filings [Docs. 37–38]. For the reasons explained below, the Court will

---

[1] The remaining named defendant, identified only as "Sevier County Deputy Alfonso" [Doc. 2], has yet to appear in this action. For the sake of clarity, the Court will refer to this defendant as "Deputy Alfonso" and to his wife as "Jessica Alfonso." The Court has previously found that plaintiff failed to serve process on Deputy Alfonso [Doc. 20 p. 6], though it has not yet determined whether plaintiff's subsequent efforts at service are sufficient [Docs. 25–29]. However, as discussed below, the Court will grant the other defendants' motion to dismiss for failure to state a claim. The reasoning underlying this decision applies equally to plaintiff's claims against Deputy Alfonso. Therefore, because plaintiff has failed to plead any basis for the Court to exercise subject-matter jurisdiction over her claims against Deputy Alfonso, the Court will dismiss these claims under Federal Rule of Civil Procedure 12(b)(1).

deny plaintiff's motions for reconsideration, disqualification, and a stay, will grant defendants' motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, and will deny as moot defendants' motion to dismiss for insufficient service of process.

**I.     Background**

Plaintiff's *pro se* complaint alleges that defendants Dollar Tree, Jessica Alfonso, Deputy Alfonso, and "Jimmy District Manager" (identified by defendants as Jimmy Clark) discriminated against plaintiff by failing to hire her [Doc. 2 ¶ 1]. Plaintiff asserts that, in May 2017, she applied for a job at the Dollar Tree and that, over three weeks later, manager Jessica Alfonso called her home to speak with her [*Id.* ¶ 4]. Plaintiff alleges that, when she returned this call, Alfonso stated that she recognized plaintiff's voice and did not mean to call her, but rather intended to call a Sheila who had applied for a job at the Dollar Tree [*Id.*]. Plaintiff alleges that, after she told Alfonso it was she who had applied for the job, Alfonso repeated her earlier comments, said "she did not want [plaintiff]," and hung up [*Id.*].

Plaintiff further asserts that Alfonso's husband, Sevier County Deputy Alfonso, used his job to "dig into [plaintiff's] back record," which only the "main Dollar Tree" has the right to do [*Id.*]. Plaintiff notes that she previously worked as a manager for a store in Ohio for over fifteen years and was an exemplary employee [*Id.*]. Yet, according to plaintiff, Alfonso refused to even interview her solely "because of her voice" [*Id.*]. Finally, plaintiff alleges that she asked another manager to have district manager Clark call her, but that he still has not done so [*Id.*]. On September 18, plaintiff filed a supplement to her complaint, alleging that on September 5 she was denied service at the Dollar Tree store and was told the employees were not allowed to talk to her, despite her being a "good customer" [Doc. 7].

On September 25, defendants responded by moving to dismiss this action for insufficient service of process or, alternatively, for an extension of time to answer the complaint [Doc. 8]. While this motion was pending, defendants also moved for leave to file a second pre-answer motion to dismiss, this time for failure to state a claim [Doc. 19]. The Court subsequently entered an order granting defendants' motion to dismiss in part and directing plaintiff to either properly service defendants with process, or provide sufficient proof she had already done so, within thirty days [Doc. 20]. The Court then denied defendants' motion for leave to file a second pre-answer motion to dismiss, with leave to refile in light of the Court's ruling on the service of process issues [Doc. 21]. Plaintiff next sought reconsideration of that ruling [Doc. 22], which the Court denied [Doc. 23].

After plaintiff again attempted to serve defendants [Docs. 25–29], defendants renewed both their motion to dismiss for insufficient service of process [Doc. 31] and their request to file a second pre-answer motion to dismiss [Doc. 30]. The Court granted the latter motion on February 13, 2018 [Doc. 33], and defendants then filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim [Doc. 34]. Meanwhile, plaintiff filed a motion requesting "reconsideration" of defendants' pending motions to dismiss, as well as the recusal or disqualification of both the undersigned and Magistrate Judge Guyton [Doc. 32]. Later, plaintiff filed an affidavit supporting her disqualification motion [Doc. 35], as well as another motion for reconsideration of defendants' pending dispositive motions and for a stay pending the resolution of the disqualification issue [Doc. 36]. Defendants have responded to these last two filings [Docs. 37–38]. Finally, plaintiff has now filed yet another motion seeking the disqualification of the undersigned and Magistrate Judge Guyton [Doc. 39].

**II.     Analysis**

The Court will first address plaintiff's motions for reconsideration, disqualification, and a stay of proceedings [Docs. 32, 36, 39]. Next, the Court will consider defendants' motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim [Doc. 34]. Given the Court's resolution of this latter motion, the Court need not decide the merits of defendants' renewed motion to dismiss for insufficient service of process [Doc. 31].

**A.     Plaintiff's Motions for Reconsideration, Disqualification, and a Stay**

The Court turns first to plaintiff's three pending motions [Docs. 32, 36, 39]. The titles of Docket Entries 32 and 36 indicate a request that the Court "reconsider" defendants' motions to dismiss. But plaintiff does not elaborate on (or even mention) this request in the bodies of the motions. Moreover, until issuing this opinion, the Court had not ruled on the merits of defendants' pending dispositive motions. Thus, the Court will deny plaintiff's request for reconsideration as moot. To the extent these motions may be construed as offering substantive arguments in opposition to defendants' dispositive motions, however, the Court will consider such arguments in the next section of this opinion.

The bulk of these filings is devoted to plaintiff's assertion that the undersigned and Magistrate Judge Guyton should disqualify themselves from this case. In her first motion, plaintiff claims the Court has "given these [d]efendants every advantage over the [p]laintiff, a *pro se* [litigant]" [Doc. 32 p. 1]. Plaintiff also seems to suggest that federal judges have an inherent bias against *pro se* litigants because of the relationship of licensed attorneys with the judicial system. Next, plaintiff argues that this Court has exhibited its prejudice against her, and bias in favor of the defendants, by requiring her to pay further costs for service of process.

4

Plaintiff reiterates arguments she has made previously in this case [*see, e.g.*, Docs. 13, 22], to the effect that the United States Marshals Service has now properly served defendants twice in this case. Plaintiff further asserts that she requested clarification from the Court regarding her service of process duties [*see* Doc. 22], but received no such assistance and had to pay for service of process again without clarification from the Court.

Next, in her second motion, plaintiff asserts that defendants "have been allowed to cause further discrimination against [her]," because the Court has permitted defendants to file three motions to dismiss and to not answer her complaint [Doc. 36 p. 3]. Plaintiff further suggests that the Court has exhibited bias and prejudice by requiring her, a *pro se* litigant not trained in the law, to "state case law" [*Id.* at 5]. In addition, plaintiff moves the Court to stay this case until it has decided the disqualification issue. Finally, plaintiff's third disqualification motion [Doc. 39] and affidavit in support of these motions [Doc. 35] reiterate these same assertions without suggesting any new grounds for disqualification.[2]

"There is an obligation upon a [j]udge not to recuse himself when there is no occasion." *United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967). "In furthering the policy of public confidence in the impartiality of the judicial process, a court must recuse itself where valid reasons are presented, but must not recuse itself where the proffered reasons are not valid." *United States v. Bibbins*, No. 1:06-cr-38, 2006 WL 2290466, at *1 (E.D. Tenn. Aug. 8, 2006). In particular, federal law provides that a judge "shall disqualify himself in any proceeding in

---

[2] Plaintiff's second and third disqualification motions contain various assertions as to the sufficiency of her complaint and the Court's jurisdiction to hear this case. The Court construes these portions of the motions as a response to defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6). Thus, the Court will consider these arguments in the next section of this opinion.

5

which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 455(b) (providing a list of specific scenarios where disqualification is mandatory); *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) ("Recusal is mandated . . . only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983))). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Moreover, "[p]rejudice or bias must be personal, or extrajudicial, in order to justify recusal," in that it must "emanate[] from some source other than participation in the proceedings or prior contact with related cases." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989).

Here, plaintiff's argument that this Court is biased against her and in defendants' favor boils down to two claims: (1) the Court has shown undue deference to defendants in its rulings on service of process issues; and (2) federal judges are inherently biased against *pro se* litigants. Neither is sufficient under the objective standard just described. First, the mere fact that the Court has ruled against plaintiff on procedural matters does not provide a basis for disqualification. The Court provided a detailed discussion of the reasoning underlying these decisions in its past orders [*See* Docs. 18, 20, 23]. If plaintiff disagrees with this reasoning, her remedy lies in the appellate process. But even if these rulings were incorrect, this would not suggest a "personal" or "extrajudicial" bias on the Court's part. *Wheeler*, 875 F.2d at 1251. Second, the Court finds plaintiff's argument that all federal judges are biased against *pro se* litigants—merely by virtue of the fact that judges are also attorneys—to be conclusory and

6

nonsensical. Indeed, this Court has shown plaintiff considerable leeway in this case in light of her *pro se* status. And this argument cannot supply a basis for disqualification because, if it were true, then *no* federal judge would be sufficiently impartial to hear plaintiff's case. The Court also notes that, contrary to plaintiff's claim it ignored her request for clarification as to her service of process duties, the Court endeavored to explain these obligations to plaintiff in its past orders [*See* Docs. 20, 23]. And even if the Court faltered in that effort, this district's Local Rules provide that "[p]arties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." E.D. Tenn. L.R. 83.13. In other words, when plaintiff elected to bring suit in federal court, she incurred an obligation to familiarize herself with and act in compliance with the rules governing service of process.

Accordingly, the Court will deny plaintiff's motions for the undersigned and Magistrate Judge Guyton to be disqualified from this case. Having now ruled on these motions, the Court will also deny plaintiff's request for a stay pending such a decision as moot.

### B. Defendants' Motion to Dismiss

The Court will next consider defendants' motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

#### 1. Standards of Review

The standards governing motions to dismiss under Rules 12(b)(1) and 12(b)(6) differ in some respects. As for defendants' Rule 12(b)(1) motion, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In other words, federal courts "have only the power that is authorized by Article III of the

Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction is a threshold issue that the Court must address and resolve prior to reaching the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also* Fed. R. Civ. P. 12(h)(3) (providing that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), "where subject matter jurisdiction is challenged under Rule 12(b)(1)[,] . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)). Under Rule 8(a)(1), a plaintiff has the burden of both pleading and later proving the Court's subject-matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself." *Id.* In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the [pleading] as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* Here, while defendants do not expressly state whether their motion to dismiss is a facial or factual attack on subject-matter jurisdiction, the motion asserts that "even when read liberally, [plaintiff's complaint] fail[s] to demonstrate

how this Court is conferred with subject-matter jurisdiction" [Doc. 34 p. 1]. The Court thus construes defendants' motion as a facial jurisdictional challenge.

As for defendants' Rule 12(b)(6) motion, Rule 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Thus, pleadings in federal court need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* at 679. In conducting this inquiry, the Court "must construe the complaint in a light most favorable to plaintiff[], accept all well-pled factual allegations as true, and determine whether plaintiff[] undoubtedly can prove no set of facts in support of those

9

allegations that would entitle [her] to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Thus, in this case, the Court construes the pleadings in the same way for purposes of both Rules 12(b)(1) and 12(b)(6)—i.e., the Court takes the material allegations of the complaint as true and draws all reasonable inferences in plaintiff's favor. *Id.*; *Ritchie*, 15 F.3d at 598.

Finally, the Court notes that plaintiff here is proceeding *pro se*. The Court has a duty to "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). With these principles in mind, the Court turns to the merits of defendants' motion to dismiss.

2. **Analysis**

Here, defendants assert that the Court should dismiss plaintiff's complaint under Rule 12(b)(1) because it suggests no basis for federal subject-matter jurisdiction. *See Turner v. Metro. Sav. Bank*, 182 F.3d 918, 1999 WL 454696, at *1 (6th Cir. June 21, 1999) (table opinion) (affirming the dismissal of a *pro se* complaint that, even when construed liberally, "did not refer to federal law, or allege diversity of citizenship under 28 U.S.C. § 1332"). Furthermore, defendants argue that the Court should dismiss plaintiff's complaint under Rule 12(b)(6) because her "filings are incomprehensible, and fall considerably short of setting forth a viable claim for relief, as they do not allege that [d]efendants have violated any federal or

10

state law" [Doc. 34 p. 3]. Defendants assert that plaintiff's allegations—i.e., that Dollar Tree did not hire her because of the sound of her voice and, after she filed this action, instructed its employees not to speak with her—do not state a recognizable cause of action under any body of American law, even if true. As such, defendants submit that dismissal of this suit is appropriate. *See Murphy v. JP Morgan Chase*, No. 3:11-cv-77, 2011 WL 6122642, at *5 (S.D. Ohio Dec. 8, 2011) ("Courts are permitted to dismiss an action when the nature of a *pro se* plaintiff's claim 'defies comprehension.'" (quoting *Jones v. Ravitz*, No. 07-10128, 2007 WL 655297, at *2 (E.D. Mich. Feb. 22, 2007))).

Although plaintiff did not file a direct response to defendants' motion, as noted above, the Court construes plaintiff's second and third disqualification motions as a response to this motion [Docs. 36, 39]. Plaintiff's second disqualification motion contains a number of general assertions about the jurisdiction of the federal courts—e.g., that Article III of the Constitution sets out the bases of federal jurisdiction and that federal courts exercise a more extensive jurisdiction than state courts. Plaintiff then proclaims that "this federal court does have jurisdiction of this case" [Doc. 36 p. 2]. Further, in her third disqualification motion, plaintiff states that her complaint "not only meets but exceeds the standards governing the form of [a] complaint as required by [Rule 8(a)]" [Doc. 39 p. 1]. Plaintiff then recites a number of general propositions about the standard of review for a Rule 12(b)(6) motion. But at no point does plaintiff explain *how* her complaint states a plausible claim to relief.

After carefully considering the parties' positions, the Court finds that plaintiff has failed to adequately plead either a basis for the Court's subject-matter jurisdiction or a cause of action on which the Court could grant relief. Respectfully, the nature of plaintiff's claims against

11

defendants "defies comprehension." *Murphy*, 2011 WL 6122642, at *5. As for defendants' Rule 12(b)(1) motion, none of plaintiff's filings explain—or even gesture at—a basis for the Court's jurisdiction to hear this particular dispute. It is unlikely that diversity of citizenship under § 1332 is present here, as all of the individual parties appear to be Tennessee residents. Moreover, plaintiff has pointed to no federal constitutional or statutory provision that creates a cause of action to match the factual allegations in the complaint. Thus, plaintiff has also failed to plead federal-question jurisdiction under 28 U.S.C. § 1331.

For that same reason, plaintiff has likewise failed to state "a claim to relief that is plausible on its face" for purposes of Rule 12(b)(6). *Twombly*, 550 U.S. at 570. Even assuming that Dollar Tree elected not to hire plaintiff because of her voice and then instructed its employees not to speak to her during this litigation, these facts do not suggest any federal or state cause of action of which the Court is aware. The Court notes that federal law recognizes several forms of actionable employment discrimination—including age and sex discrimination, *Clevidence v. Wayne Sav. Cmty. Bank*, 143 F. Supp. 2d 901, 905 (N.D. Ohio 2001)—but merely declining to hire a prospective employee is not a recognized claim.[3]

---

[3] The Court notes that, in her motion for reconsideration and a stay of proceedings, plaintiff states that defendants "did discriminate against a 67[-year-old] senior citizen because of her voice" [Doc. 36 p. 4]. This potentially suggests that plaintiff conceives of her case as one of age or sex discrimination. First, a party may not supplement a deficient pleading with new factual allegations in an unsworn brief in response to a motion to dismiss. *See Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 792 (W.D. Tenn. 2013). Neither plaintiff's complaint [Doc. 2], nor her later supplement [Doc. 7], contains any mention of age or sex discrimination. But even if the Court were to consider these new allegations, plaintiff has provided little more than the "labels" of age or sex discrimination. *Twombly*, 550 U.S. at 555. Plaintiff has failed to plead any facts referencing the elements of either cause of action; indeed, plaintiff never even states that defendants refused to hire her *because* of her age or sex. Thus, this "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of the Rule 8(a) pleading standard. *Iqbal*, 556 U.S. at 678.

Neither is discrimination based on the sound of one's voice. And instructing employees not to speak with an adverse party during the course of litigation does not, in itself, constitute a cause of action. Thus, even construing plaintiff's filings liberally in light of her *pro se* status, *Bouyer*, 22 F. App'x at 612, the Court finds that plaintiff has failed to meet the minimum pleading standard of Rule 8(a), *Turner*, 1999 WL 454696, at *1.

Therefore, the Court finds that dismissal of plaintiff's claims without prejudice[4] is warranted under both Rule 12(b)(1), for failure to plead subject-matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which the Court could grant relief.

## III. Conclusion

Accordingly, for the reasons explained above, the Court will **ORDER** as follows in a separate order filed contemporaneously with this opinion: (1) the renewed motion to dismiss for insufficient service of process filed by defendants Dollar Tree, Jessica Alfonso, and Jimmy Clark [Doc. 31] will be **DENIED AS MOOT**; (2) plaintiff's motion for reconsideration and disqualification [Doc. 32] will be **DENIED**; (3) the motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim filed by defendants Dollar Tree, Jessica Alfonso, and Jimmy Clark [Doc. 34] will be **GRANTED**; (4) plaintiff's motion for reconsideration and a stay of proceedings [Doc. 36] will be **DENIED**; (5) plaintiff's motion to reaffirm disqualification [Doc. 39] will be **DENIED**; (6) all claims in plaintiff's amended complaint

---

[4] In their reply brief, defendants note that they "would prefer this matter be dismissed with prejudice, rather than simply because [the] Court lacks subject matter jurisdiction" [Doc. 38 p. 1]. Although plaintiff has not sought leave to amend her complaint in response to defendants' motion, in light of both her *pro se* status and the fact that dismissal here is based purely on pleading deficiencies, the Court finds dismissal without prejudice to be most appropriate. *See EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993).

[Docs. 2, 7] will be **DISMISSED WITHOUT PREJUDICE**; and (7) the Clerk of Court will be **DIRECTED** to **CLOSE** this case.

Furthermore, the Court hereby **CERTIFIES** that any appeal from this decision would be totally frivolous and would not be taken in good faith, for the reasons explained throughout this opinion. *See Shephard v. Morvzin*, No. 16-3236, 2016 WL 10592246, at *1 (6th Cir. Dec. 9, 2016) (defining a frivolous appeal as "one that 'lacks an arguable basis either in law or in fact'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). As such, should plaintiff seek leave to appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24, such a motion will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE